JENNIE M. OPPENHEIM, appellant,

*v.*

MYRON H. OPPENHEIM et al., respondents.

[Decided November 17th, 1919.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevens, who filed the following opinion:

"The bill prays that two deeds bearing date and purporting to have been acknowledged on October 3d, 1916, made by complainant and her husband to the DePeyster Realty Company—a company of which her husband holds all the stock—may be decreed to be null and void as to the complainant on the ground that her signature was, in the language of the bill, 'obtained falsely and without her knowledge of the purport or effect of the papers and without there having been made known to her the contents or effect thereof.'

"In February, 1909, Mr. Oppenheim caused the realty company to be incorporated for the purpose of taking title to certain properties in New York City and Elberon, New Jersey, of which he was the owner. Deeds for the New York property were executed and recorded. Deeds for the New Jersey property were signed but not acknowledged, Mrs. Oppenheim expressing a wish at that time that Mr. Oppenheim would keep it in his own name, as it was their home and as their daughter was unmarried. To this Mr. Oppenheim acceded and the papers were put in the safe.

"Prior to 1909 the parties had made mutual wills. Subsequently to the signing of the deeds Mrs. Oppenheim came into the possession of an inheritance and wanted the mutual wills canceled. Mr. Oppenheim consented and said he would make a new will by which he would give his wife $10,000 and an annuity. Soon afterward he requested her to come to the office

and acknowledge the deeds of the Elberon property, which he still desired to convey to the Realty company.

"There can be no doubt that Mrs. Oppenheim went to the office and acknowledged the deeds before Miss Goodman with intent to make them effective. Her failure to remember the transaction does not counterbalance the other evidence. The certificate of acknowledgment is correct in form and Miss Goodman's uncertain evidence is not sufficient to overcome its effect. *Homeopathic Life Ins. Co.* v. *Marshall, 32 N. J. Eq. 103; Gould* v. *Hurley, 75 N. J. Eq. 512.* Whether she separately acknowledged is immaterial, for the statute requiring separate acknowledgments has been repealed. *P. L. 1916 p. 321.* It may be a question whether a wife's title may not now pass by delivery just as a husband's title does. The fourth section of Paterson's act (*Pat. L. p. 398*) provided that 'no estate of a *feme covert* * * * shall hereafter pass by her deed' without separate acknowledgment. That provision having been repealed, it may be plausibly argued that the ground for holding the acknowledgment of the essence of the conveyance fails. *Armstrong* v. *Ross, 20 N. J. Eq. 109, 118; Corby* v. *Drew, 55 N. J. Eq. 392; Ten Eyck* v. *Saville, 64 N. J. Eq. 611.* As the question was not argued and as its solution does not seem to be necessary or even material to the decision, I express no opinion upon it. If Mrs. Oppenheim's recollection is to be depended upon she neither acknowledged nor delivered the deeds in question.

"The complainant further insists that the deeds are voidable because there is a presumption of undue influence and because she is not shown to have had the benefit of independent advice. We are not dealing with the case of a transfer by Mrs. Oppenheim of her separate estate nor with an instrument whose provisions are complicated. Nothing is better understood by people in general than the nature of a wife's dower. When she signed and acknowledged the deeds she did not need advice as to what she was giving up. There is not the least evidence that there was any fraud practiced or that her acknowledgment was obtained by undue influence. The parties were living together and as far as appears without, at that time, any thought of separation. The conveyance is to a company of which her husband

owned the stock and it might well have been for their mutual advantage. The surrounding circumstances do not stamp the transaction as open to criticism, or as unreasonable or as at all different in principle from the multitude of cases in which wives join with their husbands in executing deeds of their husband's property. It seems to have been very much in the nature of a family arrangement, grounded upon what had occurred a short time previously. It does not fall within the principle of *Hall* v. *Ottenson, 57 N. J. Eq. 522,* and I think the bill should be dismissed."

*Messrs. Congleton, Stallman & Hoover,* for the appellant.

*Messrs. Lindabury, Depue & Faulks,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Stevens.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—13.

*For reversal*—None.